# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES of AMERICA, | : |
| | : |
| v. | : CIVIL ACTION NO.<br>: 1:01-CR-0503-3-RWS |
| SHOMAHRE MITCHELL, | : |
| Defendant. | : |

## ORDER

This case comes before the Court for review of Petitioner Shomahre Mitchell's ("Petitioner") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [99-1] and his Motion to Proceed *In Forma Pauperis* [100-1]. After reviewing the record, the Court enters the following Order.

## Background

Petitioner was indicted on July 2, 2001 on one count of bank robbery, one count of carjacking, and two counts of carrying and using a firearm in a crime of violence. (See Indictment [1].) On June 10, 2002, he pled guilty to the

bank robbery and carjacking counts, as well as to one count of carrying and using a firearm in a crime of violence, in exchange for which the Government dismissed the remaining firearm charge. He did so pursuant to a plea agreement, that provided, *inter alia*:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of (1) an upward departure from the otherwise applicable sentencing guideline range, and/or (2) the sentence of more then [sic] 280 months of incarceration. The defendant understands that this Plea Agreement does not limit the United States' right to appeal, but if the United States appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

(See Guilty Plea and Plea Agreement [57].)

During the tender of Petitioner's plea, the Court questioned him in some detail about whether he suffered from any condition or was taking any medication that might interfere with his ability to understand the plea proceedings or the questions of the Court – questions that he answered in the negative. (See Tr. [60] at 3-5.) The Court additionally questioned Petitioner

2

extensively about the appeal waiver, referenced *supra*:

> THE COURT: Now, do you also understand that in some circumstances you or the government may have the right to appeal the sentence that I impose? Do you understand that?
>
> PETITIONER: Yes, sir.
>
> THE COURT: Do you understand that that appeal is the only chance there is for someone to review what I do in the sentencing? In other words, that's your one chance for other judges to look at the sentence that I have imposed. Do you understand?
>
> PETITIONER: Yes, sir.
>
> THE COURT: Now, do you understand that in your agreement you have given up the right to have my work reviewed on your sentence; that is, you will have the sentence that I impose unless one of three things happens.
>
> One is after I determine the guidelines, if I decide to give you a more severe sentence than what the guidelines call for, you would have a right to appeal; or if I decide to impose a sentence that is more than 280 months, you have a right to appeal; or if the Government files an appeal, you have a right to appeal. But except for those circumstances, you will have no right of appeal. Do you understand that?

| | |
|---|---|
| PETITIONER: | Yes, sir. |
| THE COURT: | Mr. Mendelsohn, have you discussed with your client his appeal rights and the waiver – I'm sorry, and the waiver of those rights to the extent that he's waived them in his plea agreement? |
| MENDELSOHN: | Yes, I have. |
| THE COURT: | And do you believe that he understands that? |
| MENDELSOHN: | Yes, I do. |

(Id. at 16-17.)  The Court continued:

| | |
|---|---|
| THE COURT: | [To Petitioner:] Do you feel that you had sufficient time to talk to your lawyer about your case and to have him explain your plea to you and explain any other matters of your case that you need? |
| PETITIONER: | Yes, sir. |
| THE COURT: | Are you satisfied with the representation that he's provided to you? |
| PETITIONER: | Yes, sir. |

AO 72A
(Rev.8/82)

> THE COURT: And Mr. Mendelsohn, are you satisfied that you've had sufficient opportunity to investigate the case and advise your client?
>
> MENDELSOHN: Yes, Your Honor.
>
> THE COURT: Are you aware of any reason I should not accept his plea?
>
> MENDELSOHN: I'm not aware of a reason that you should not accept the plea . . . .

(Id. at 19.)

At the conclusion of the plea, and after engaging in the Rule 11 colloquy, the Court found that Petitioner understood "the charges and the consequences of his plea of guilty[,]" that he did not appear "to be under the influence of any substance which might affect his judgment or actions in any manner[,]" that his plea was "voluntarily made with full knowledge of the charges against him and the consequences of his plea[,]" and that he was "competent to understand the[] proceedings and to enter a knowing plea of guilty[,]" and, accordingly, accepted his plea. (Id. at 21-22.)

On September 26, 2002, Petitioner attended a sentencing hearing, and at the conclusion of that hearing, received a sentence totaling 240 months. (See Judgment [68].) Shortly thereafter, Petitioner filed a Notice of Appeal

5

challenging his sentence, but voluntarily dismissed that appeal on December 4, 2002. (See Entry of Dismissal [74].)

Now, approximately three years later, Petitioner moves to set aside his sentence pursuant to 28 U.S.C. § 2255, making four arguments. First, he asserts that his attorney, notwithstanding his request and counsel's assurances to the contrary, failed to file a notice of appeal. (He likewise complains, in a similar vein, that his attorney assured him that he was pursuing § 2255 relief on Petitioner's behalf, when that was not indeed the case.) Second, he claims that he was incompetent at the time of his guilty plea and at his sentencing hearing, and that counsel neglected to investigate his mental health history or to move for a competency evaluation. Third, Petitioner contends that his guilty plea was not knowing, intelligent, and voluntary. In support of this assertion, he claims that his counsel did not adequately inform him of the rights he was waving by pleading guilty, and further failed to object to what he describes as an "insufficient plea colloque [sic]." Finally, Petitioner asserts that his counsel was ineffective in sixteen particulars. He asks, moreover, that he be able to proceed on his motion *in forma pauperis.*

6

## Discussion

In light of the motions currently pending before the Court, its task is twofold. First, under 28 U.S.C. § 2255, the Court must determine whether Petitioner's "motion and the files and records of the case conclusively show that [he] is entitled to no relief," or whether, instead, it must cause service of the motion to be made on the Government. 28 U.S.C. § 2255. Additionally, the Court must determine whether Petitioner is entitled to proceed in this case *in forma pauperis.*

Reviewing the record, it becomes immediately apparent that Petitioner faces at least two serious hurdles to prevailing on his motion. Nevertheless, for the reasons that follow, the Court is inclined to permit service of the motion on the Government, and to provide Petitioner with an evidentiary hearing to ascertain the timeliness of his motion.

### I.     The First Hurdle: Guilty Plea and Waiver

The first weighty obstacle Petitioner will face in pursuing § 2255 relief is that he entered a plea of guilty, and, in his plea agreement, unambiguously relinquished his rights to directly or collaterally challenge his sentence except in

7

certain, presently unpresented circumstances. Absent a showing that the plea and waiver were not voluntarily and knowingly made–one that seems exceedingly unlikely in light of the above-referenced colloquy–Petitioner has waived all nonjurisdictional objections he may have had up until the time of his plea as well as those related to his sentencing. See United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack."); Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). According to the Eleventh Circuit's recent decision in Williams, moreover, it is clear that–with one possible exception– an appeal waiver operates to foreclose even an

objection predicated on ineffective assistance of counsel. See Williams, 396 F.3d at 1342 (ascribing to view that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing").

It is that exception, however, that may give some degree of viability to Petitioner's claims here. In Williams, the Circuit, in a footnote, issued the following caveat:

> Of course, there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement.

Id. at 1342 n.2. The Williams Court pointed to decisions of the Fifth, Ninth, and Tenth Circuits recognizing an exception to the proscription against collateral attacks alleging ineffective assistance in the face of a seemingly enforceable appeal waiver where the ineffectiveness claim challenges the validity of the plea and/or waiver. Id. Ultimately, however, the Eleventh Circuit was not forced to adopt or reject the exception in Williams, because the petitioner's claims of ineffectiveness there were limited to his lawyer's performance at sentencing.

9

Here, Petitioner has raised objections that implicate his competency to knowingly and voluntarily make a guilty plea and to waive his rights to direct and collateral attack, as well as his counsel's inadequate advice and omissions *vis-à-vis* that incompetency.  He additionally challenges his attorney's failure to object to the Court's purportedly incomplete colloquy directed at uncovering his lack of competence.

Although presenting a close question, Petitioner's allegations of incompetence and ineffectiveness, which in turn touch on validity of the plea and the plea agreement, arguably fall within the narrow range of cases the Circuit indicated might fall outside of its general collateral attack prohibition in <u>Williams</u>. That being the case, the Court is unwilling, notwithstanding the plea agreement and appeal waiver, to say that Petitioner's motion so "conclusively show[s] that [he] is entitled to no relief" that he is not entitled to have it served on the Government, or that he should be denied *in forma pauperis* status to pursue this as of yet undeveloped exception to the <u>Williams</u> rule.

## II.    The Second Hurdle: Untimeliness

The second hurdle Petitioner faces here is that his motion was not filed until more than three years after a criminal judgment was entered against him,

and approximately thirty-four months after he voluntarily dismissed his appeal, giving rise to serious concerns respecting the timeliness of his motion.  Under § 2255, movants for habeas corpus typically must file a motion seeking such relief within one year of "the date on which the judgment of conviction [became] final[.]"  See 28 U.S.C. § 2255 ¶ 6(1).  In certain circumstances, however, the one-year limitations period may instead begin to run from:

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6(2)-(4).  Additionally, there may be limited instances in which the limitations period will be "equitably tolled."  See Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004) (equitable tolling "can be applied to prevent the application of [the] statutory deadline when extraordinary

circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition") (internal quotations omitted); see also Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (recognizing equitable tolling in context of § 2255 motion); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002) (same).

Petitioner offers three arguments as to why his claims are not untimely. At least two the Court finds to be facially unavailing.

First, Petitioner argues that the Supreme Court's decision in United States v. Booker, — U.S. —, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), established a "right. . . made retroactively applicable to cases on collateral review" that, under § 2255 ¶ 6(3), starts the § 2255 limitations period running anew. The Eleventh Circuit, however, has made clear that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do *not* apply retroactively to § 2255 cases on collateral review." Valera v. United States, 400 F.3d 864, 868 (11th Cir. 2005), reh'g denied, 143 Fed. Appx. 310 (11th Cir. 2005), cert. denied, 126 S. Ct. 312 (2005) (emphasis supplied).

Second, Petitioner argues that his counsel retained his "criminal files," and that such retention constitutes a government imposed "impediment to [his]

12

making a motion . . . in violation of the Constitution or laws of the United States" that precluded him from filing his motion within the time typically required by § 2255.  28 U.S.C. § 2255 ¶ 6(2).  Without resolving whether any impediment created by defense counsel can properly be said to fall within the ambit of § 2255 ¶ 6(2), which speaks in terms of "governmental" impediments, Petitioner's allegation is insufficient to make his motion timely.  Whatever "impediment" such retention may have posed, it did not altogether "prevent[ Petitioner] from making a motion" under § 2255.  Cf. e.g., Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002) (recognizing, *inter alia*, that had the petitioner "desired the complete trial transcript to aid the court in deciding his petition, he could have sought the district court's help in obtaining the missing portions through discovery after he filed his petition[,]" held that court's failure to provide transcript to prisoner upon request did not qualify as "government impediment" under § 2255 ¶ 6(2)).

  The final argument made by Petitioner, and the only one that could potentially bring his motion within the limitations period prescribed by § 2255, is that his attorney deliberately deceived him by advising him that he would pursue

13

(or was pursuing) both an appeal and a § 2255 motion on Petitioner's behalf.[1] Such an assertion, if proven, could conceivably render Petitioner's motion timely, either under § 2255 ¶ 6(4), relating to newly discovered facts, see Granger v. Hurt, 90 Fed. Appx. 97, 99-100 (6th Cir. 2004) (applying analogous limitations period contained in § 2244(d)(1)(D)); cf. also Aron v. United States, 291 F.3d 708, 711-15 (11th Cir. 2002) (prisoner entitled to hearing to determine whether § 2255 motion was timely under § 2255 ¶ 6(4) where he alleged that he had exercised due diligence to determine what grounds for appeal attorney omitted before Eleventh Circuit but did not discover fact of omissions until late date), or under those decisions recognizing the applicability of equitable tolling to § 2255's limitations requirement.  See United States v. Martin, 408 F.3d 1089, 1096 (8th Cir. 2005) (petitioner was entitled to have a limitations period tolled as a consequence of his attorney's "misrepresent[ation of] the law, misrepresent[ation] of the status of [his] case, and ret[ention of] . . . documents that were crucial to [his] claim"); Wynn, 292 F.3d at 230 ("We agree with the district court that [petitioner's] allegation that he was deceived by his attorney

---

[1] As discussed *supra*, an appeal was initially taken from Petitioner's sentence, but the docket indicates that that appeal was voluntarily dismissed in December of 2002.

into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations.").

Given this possibility, the Court will conduct an evidentiary hearing addressing the timeliness of Petitioner's motion, and in particular, his assertion that his ostensibly tardy petition was the result of the affirmative misstatements of counsel concerning whether an appeal or § 2255 motion had previously been filed on Petitioner's behalf. To that end, the Court **GRANTS** Petitioner's Motion to Proceed *In Forma Pauperis* [100-1], and **RESERVES RULING** on his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [99-1]. The Clerk is **DIRECTED** to serve this Order on the United States Attorney's Office.

Moreover, the Court finds that Defendant is entitled to the appointment of counsel for the prosecution of his § 2255 motion. This case is hereby **REFERRED** to Magistrate Judge C. Christopher Hagy for the purpose of appointing counsel to represent Defendant in this § 2255 proceeding.

15

The Clerk is further **DIRECTED** to submit this case to the Court after appointment of counsel by Judge Hagy, at which point the Court will set a date for an evidentiary hearing respecting the timeliness of Petitioner's § 2255 motion. The Government is not required to file a response to Petitioner's § 2255 motion until the Court decides the timeliness issue, but will participate in the evidentiary hearing respecting timeliness.

## Conclusion

The Court **GRANTS** Petitioner's Motion to Proceed *In Forma Pauperis* [100-1], and **RESERVES RULING** on his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [99-1]. The Clerk is **DIRECTED** to serve this Order on the United States Attorney's Office.

Moreover, the Court finds that Defendant is entitled to the appointment of counsel for the prosecution of his § 2255 motion. This case is hereby **REFERRED** to Magistrate Judge C. Christopher Hagy for the purpose of appointing counsel to represent Defendant in this § 2255 proceeding.

The Clerk is further **DIRECTED** to submit this case to the Court after appointment of counsel by Judge Hagy, at which time the Court will set a date

AO 72A
(Rev.8/82)

for an evidentiary hearing respecting the timeliness of Petitioner's § 2255 motion.

**SO ORDERED** this   14th   day of November, 2005.


                                    /s/ Richard W. Story
                                    RICHARD W. STORY
                                    UNITED STATES DISTRICT JUDGE